IN THE U.S. DIST. COURT, NORTHERN DIST. OF ILL, EASTERN DIV.

United States of America ex rel. )
)
DELBERT HEARD, B76789            )   (Evidentiary Hearing
)
          Petitioner,            )   08CV3097
)   JUDGE COAR
       v                         )   MAG. JUDGE ASHMAN
)
Warden Eddie Jones,              )
)   State Court Case No.
          Respondent.            )   94 CR 4637

FILED
MAY 29 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PETITIONER'S CONCISE MEMORANDUM OF LAW IN
SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

(Evidentiary Hearing Requested)

Now I come Delbert Heard, petitioner pro se, and I present to the Court for consideration this Concise Memorandum of Law in support of my attached Petition For Writ of Habeas Corpus.

Concise Statement of Facts

In January of 1994 I was charged by Cook County prosecutors with 3 counts of 1st degree murder on 3 victims. (Case No. 94 CR 4637) I made no confession, I plead not guilty and my trial was held in Cook County Circuit Court. At my trial no physical evidence was presented to link me to the crime. The evidence that the prosecution presented was all testimonial, there was only 1 eyewitness and[1] presented 3 alibi witnesses. My trial was essentially a swearing match between my alibi witnesses and the prosecutions' eyewitness. I was found guilty and I'm serving a life sentence.

I. <u>DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL</u>

   A. Counsel's failure to request jury instruction on ID.

   STATE COURT'S DECISION AFFIRMING MY CONVICTION INVOLVED AN UNREASONABLE APPLICATION OF <u>STRICKLAND V WASHINGTON</u>, WHEN I RAISED ON APPEAL THAT I WAS DENIED MY 14TH & 6TH AMENDMENT RIGHTS TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL, WHEN IN MY EVIDENTIALLY CLOSE TRIAL WHERE MY IDENTIFICATION WAS THE CENTRAL ISSUE, I WAS PREJUDICED BY MY TRIAL COUNSEL'S ERROR OF FAILING TO REQUEST THE COURT PURSUANT TO IPI 3.15 TO INSTRUCT THE JURY ON THE 5 FACTORS TO BE CONSIDERED IN EVALUATING IDENTIFICATION TESTIMONY; RESULTING IN PREJUDICE TO ME SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME OF MY TRIAL. (See <u>People v Heard</u>, 240 Ill. Dec. 577, HN [61] & 602-603 (Ill.S.Ct.1999)

   In <u>U.S. v Hodges</u>, 515 F. 2d 650, 653 n.[2] (7th Cir. 1975) the Court held:

> ". . . we are convinced that neither sumation of counsel at the close of the evidence, however prolong or explicit, nor cross-examination as to the matter of identification by defense counsel adequately <u>protects defendant against the dangers of misidentification which are inherent in eyewitness testimony</u>. Nor do we believe that such summation and cross-examination by counsel may substitute for <u>proper instruction</u> to the jury by the Court."

In U.S. v Anderson, 739 F.2d 1254, 1258 n.[2] (7th Cir.1984) the Court held:

> "In cases where identification is an issue, the trial judge must, at the defendants request, instruct the jury about eyewitness identification testimony."
> Accord, U.S. v Larkin, 978 F.2d 964,971 (7th Cir.1992)

My trial was evidentially close, it was essentially a swearing match between my alibi witnesses and the proseuction's eyewitness. Since my identification was the central issue, my counsel had a duty to request that pursuant to IPI Criminal 3rd Ed. No. 3.15 on the 5 factors to be considered in evaluating identification testimony; (See Exhibit A) to protect me "against the dangers of misidentification which are inherent in eyewitness testimony." (See Hodges,supra, Id at 653 n.[2].

My counsel]s failure to request the instruction on evaluating identification testimony severely threatens the fairness of my trial and creates a reasonable probality that the jury convicted me without considering "constitutionally relevant evidence", (See Boyd v California, 110 S.Ct 1190,1198 (1990)) i.e. the 5 factors to be considered in evaluating the ID testimony against me; resulting in prejudice to me sufficient to undermine confidence in the outcome of my trial.

In my evidentially close trial, were my ID was the central issue, the omission of the ID instruction so infected my entire trial that my resulting conviction violates due process. See Estelle v McGuire, 112 S.Ct.475,482 n.[6-9]

The Illinois Supreme Court's contrary conclusion of this issue was the result of an unreasonable application of <u>Strickland v Washington</u>, and therefore I request that I be granted a writ of Habeas Corpus.

    B. Counsel discredited my alibi witnesses by instructing them not to tell authorities of my alibi.

STATE COURT'S DECISION AFFIRMING MY CONVICTION INVOLVED AN UNREASONABLE APPLICATION OF <u>STRICKLAND V WASHINGTON</u>, WHEN I RAISED ON APPEAL THAT I WAS DENIED MY 14TH & 6TH AMENDMENT RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL, WHEN BEFORE MY TRIAL MY COUNSEL INSTRUCTED MY ALIBI WITNESSES NOT TO TELL LAW ENFORCEMENT OFFICIALS OF MY ALIBI, ENABLING PROSECUTION TO DISCREDIT MY ALIBI WITNESSES BY ASSERTING THAT THEY NEVER TOLD AUTHORITIES OF MY ALIBI; RESULTING IN PREJUDICE TO ME SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME OF MY TRIAL. (See <u>People v Heard</u>, 240 Ill.Dec.577, HN [45] & 596-597 (Ill.S.Ct.1999))

Before my trial, my alibi witnesses told my counsel of my alibi and they failed to to tell law enforcement officials of my alibi because my counsel instructed them not to. My Counsel's actions prejudiced me by enabling the prosecution to discredit my alibi witnesses with the fact that they failed to tell authorities of my alibi.

Here but for defense counsel's improper acitons with respect to instructing my alibi witnesses not to talk to authorities, there

is a reasonable probability that there would have been a different outcome, because there was no other kind of impeachment presented; therefore my alibi would have been credible, and if believed I would have been acquitted.

The Illinois Supreme Court's contrary conclusion of this issue was the result of an unreasonable application of Strickland v Washington, and therefore I request that I be granted a Writ of Habeas Corpus.

II. DENIAL OF DUE PROCESS - DENIAL OF RIGHT TO REHABILITATE ALIBI WITNESSES

STATE COURT'S DECISION AFFIRMING MY CONVICTION INVOLVED A DECISION CONTRARY TO DUE PROCESS & CRANE V KENTUCKY, AND WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED, WHEN I RAISED ON APPEAL THAT I WAS DENIED MY 14TH AMENDMENT RIGHT TO DUE PROCESS WHEN IN MY EVIDENTIALLY CLOSE TRIAL, THE COURT PERMITTED PROSECUTION TO DISCREDIT MY ALIBI WITNESSES BY ASSERTING THAT THEY NEVER TOLD LAW ENFORCEMENT OFFICIALS OF MY ALIBI, AND THEN THE COURT EXCLUDED MY ALIBI WITNESS' REHABILITATION TESTIMONY THAT WOULD HAVE EXPLAINED TO THE JURY THAT THEY DID NOT TELL AUTHORITIES OF MY ALIBI BECAUSE THEY TOLD MY COUNSEL OF MY ALIBI AND HE INSTRUCTED THEM NOT TO TELL ANYONE ELSE. (See People v Heard, 240 Ill.Dec.577, HN [41] & pg.596)

In U.S. v Lindeman, 85 F.3d 1232,1234 HN 20. (7th Cir.1996)

the Court held:

> "Once witness' credibility has been attacked, non attacking party <u>is permitted</u> to admit evidence to rehabilitate witness, <u>even if that evidence might otherwise have been impermissable bolstering.</u>"

In <u>U.S. ex rel. Kirk v Washington</u>, 932 F.Supp 1053, HN 15. (N.D. Ill. 1996) the Court held:

> "Under Illinois law, if party opens up inquiry concerning issue, other party may be allowed to introduce contradictory or <u>explanatory evidence, even though it would not have been admissible initially.</u>"

In <u>People v Manning</u>, 230 Ill.Dec.933,943 n.[14] (Ill.S.Ct.1988) the Court held:

> "If A. opens up an issue and B. will be prejudiced unless B. can introduce contradictory or <u>explanatory evidence</u>, then B. will be permitted to introduce such evidence, <u>even though it might otherwise be improper.</u>"

In <u>People v Grouleau</u>, 109 Ill. Dec. 326, 331 (Ill.App. 2 Dist. 1987) the Court held:

> "We find that the trial Court abused it's discretion in not allowing defendant to rehabilitate his alibi witness. Furthermore, we cannot say that this error is harmless given the importance of this witness who is

the only one able to place defendant away from the scene of the homocide."

The legal principle in respect to the admissibility of rehabilitation testimony of impeached witnesses enuciated in Lindeman,supra, Ex rel. Kirk,supra, Manning,supra & Groleau,supra, all support the fact that at my trial when the prosecution attacked my alibi witnesses credibility, I had a right under due process [to admit evidence to rehabilitate] my alibi [witness], (See Lindeman, supra) because under Due Process "the constitution guarantees criminal defendants a meaningful opportunity to present a complete defense". (See Crane v Kentucky, 106 S.Ct 2142,2146-47 (1986)

In U.S. v Abel, 105 S.Ct.465,471 (1984) the Supreme Court held:

"But there is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case."

The state Court ruled that my alibi witness' proposed rehabilitation testimony was inadmissible as a prior consistent statement. However, the prosecution "opened up inquiry concerning issue" (See Manning,supra) by asserting that my alibi witnesses had not told authorities of mh alibi. Therefore, my proposed rehabilitation evidence was admissible as "explanatory evidence", although it may have been inadmissible on other grounds. (See Abrams v Barnett,

100 F.3d 485,493 n.[10] (7th Cir.1996) (Witness' explanation for 2 year silence was admissible to rebut charge of recent fabrication although it was inadmissible on other grounds.)

The Illinois Supreme Courts contrary conclusion of this issue was the result of a decision contrary to due process and Crane v Kentucky, 106 S.Ct.2142,2146-47 (1986), and therefore I request that I be granted a writ of Habeas Corpus.


III. DENIAL OF RIGHT TO CONFRONTATION & DUE PROCESS

STATE COURT'S DECISION AFFIRMING MY CONVICTION INVOLVED A DECISION CONTRARY TO DUE PROCESS & DAVIS V ALASKA, AND WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED, WHEN I RAISED ON APPEAL THAT I WAS DENIED MY 6TH & 14TH AMENDMENT RIGHTS TO CONFRONTATION AND DUE PROCESS, WHEN IN MY EVIDENTIALLY CLOSE TRIAL, THE COURT EXCLUDED MY PROPOSED CROSS-EXAMINATION OF SOLE EYEWITNESS, I.E. CHILD OF MURDER VICTIM, AS TO WHETHER MURDER VICTIM WHO WAS KILLED IN BED, KEPT OPEN COMMON DOOR OF ADJOINING MOTHER & CHILD BEDROOM, EVEN WHEN VICTIM WAS NAKED WITH A MAN; TO DISCREDIT EYEWITNESSES TESTIMONY. (See People v Heard, 240 Ill.Dec.577, HN [58] & pg.601 (Ill.S.Ct.1999))


In Davis v Alaska, 94 S.Ct.1105,1111 (1974) the Supreme Court held:

> "Denial of right of effective cross-examination is is a constitutional error of the first magnitude."

In <u>Alford v U.S.</u>, 51 S.Ct 218,219 (1931) the Supreme Court held:

"It is the essence of a fair trial that <u>reasonable latitude</u> be given the cross-examiner."

In my trial, it was at issue whether or not the door was open between the room where the prosecution's eyewitness (the child of murder victim) was, and the room where the murder victims were. If it were open, then theoretically the eyewitness could have observed the assailant. If it was closed, then she could not have made this observation.

Whether the door was open or closed was at paramont in this factual setting.

The prosecution presented evidence in the witness' direct examination that the door was usually kept open, and that it was open on the night in question.

the record contains evidence that on the night in question the victim was found naked from the waist down in bed with her boyfriend. So on cross-examination my counsel tried to discredit the the eyewitness' direct testimony that the door was open on the night in question, by asking her was the door kept open even if her mother was naked in bed with a man.

At this time the prosecution objected and the Court sustained, ruling that my counsel's question "assumes facts not in evidence." Contrary to the Court's ruling the record demonstrates that my

counsel's question on cross-examination was clearly supported by facts that were in evidence, and the Court's ruling was an unreasonable determination of facts in light of the evidence presented at my trial.

My Counsel's proposed cross-examination was proper under the the constitutionally mandated legal principles enunciated in Davis, supra, Alford, supra and People v Gonsalez, 124 Ill.Dec. 910,914 n.[1,2] (Ill.App.1st Dist.1988) (Where the principle issue concerns the identification of the accused, defense counsel should be given wide latitude on cross-examination.)

The Illinois Supreme Court's contrary conclusion of this issue was the result of a decision contrary to due process and Davis v Alaska, 94 S.Ct.1105 (1974) and was based on an unreasonable determination of the facts in light of the evidence presented; and therefore I request that I be granted a Writ of Habeas Corpus.

## RELIEF REQUESTED

For all the foregoing reasons I request the Court to grant me a Writ Of Habeas Corpus.

Respectfully Submitted

*[signature]*

Delbert Heard - Petitioner
B76789

Delbert Heard, B76789
Pontiac Prison
PO Box 99
Pontiac, IL 61764

10

## PARTICULAR TYPES OF EVIDENCE — 3.15

**3.15 Circumstances Of Identification**

When you weigh the identification testimony of a witness, you should consider all the facts and circumstances in evidence, including, but not limited to, the following:

[1] The opportunity the witness had to view the offender at the time of the offense.

[or]

[2] The witness's degree of attention at the time of the offense.

[or]

[3] The witness's earlier description of the offender.

[or]

[4] The level of certainty shown by the witness when confronting the defendant.

[or]

[5] The length of time between the offense and the identification confrontation.

**Committee Note**

The Committee believes an instruction concerning particular types of evidence should not be given *unless* some special guidance from the judge would be useful. The Second Edition contained no separate instruction concerning circumstances of identification, although the Committee Note to Instruction 1.02 suggested that identification factors could be added to that instruction. This instruction represents a change of mind. The Committee now unanimously believes that eyewitness identification is a subject deserving of judicial comment. This view is in accord with jury instructions in the Seventh Circuit. See Instruction 3.06, Federal Jury Instructions of the Seventh Circuit (1980); *see also United States v. Hodges*, 515 F.2d 650 (7th Cir.1975).

This new instruction simply lists factors well-established by case law. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *People v. Manion*, 67 Ill.2d 564, 367 N.E.2d 1313, 10 Ill.Dec. 547 (1977); *People v. Slim*, 127 Ill.2d 302, 537 N.E.2d 317, 130 Ill.Dec. 250 (1989). The Committee believes this instruction would serve the interests of

## PARTICULAR TYPES OF EVIDENCE — 3.15

justice by offering guidance in an area that contains complexities and pitfalls not readily apparent to some jurors.

Give this instruction when identification is an issue.

Give numbered paragraphs that are supported by the evidence.

The bracketed numbers are present solely for the guidance of court and counsel and should not be included in the instruction submitted to the jury.

For an example of the use of this instruction, see Sample Set 27.02.