IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
JUN 23 2008
JUN 23 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel. )
)
DELBERT HEARD, B76789 )
_____ )
(Full name and prison number) )
(Include name under which convicted) )
)
PETITIONER )        CASE NO: 08C 3097
)                  (Supplied by Clerk of this Court)
vs. )
)
JOSEPH MATHY - Acting Warden )
_____ )
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
)
RESPONDENT, and )
)
(Fill in the following blank **only** if judgment )
attacked imposes a sentence to commence )
in the future) )
)
ATTORNEY GENERAL OF THE STATE OF )     Case Number of State Court Conviction:
)
_____ )        94 CR 4637
(State where judgment entered) )

**AMENDED**
**PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY**

1. Name and location of court where conviction entered: Cook County Circuit Court, 2600 South California, Chicago, IL 60608

2. Date of judgment of conviction: 3-6-96

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   3 Counts of 1st Degree Murder, 3 victims

4. Sentence(s) imposed: Death Penalty, Commuted to Natural Life 1-10-03

5. What was your plea? (Check one)     (A) Not guilty     ( x )
                                        (B) Guilty         ( )
                                        (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

   _____

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury (x)    Judge only ( )
2. Did you testify at trial?    YES ( )    NO    (x)
3. Did you appeal from the conviction or the sentence imposed? YES (X) NO ( )

    (A) If you appealed, give the

    (1) Name of court:    Illinois Supreme Court

    (2) Result:    Affirmed (People v Heard, 204 Ill.Dec.577 (1999))

    (3) Date of ruling:    6-17-99

    (4) Issues raised:    Batson Violation, Denial Of Effective Assistance Of Counsel, Denial of Due Process, Denial of right to Confrontation and Unconstitutionality of the Death Penalty.

    (B) If you did not appeal, explain briefly why not:

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (x)    NO ( )

    (A) If yes, give the

    (1) Result:    See 3. above

    (2) Date of ruling:

    (3) Issues raised:

    (B) If no, why not:

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes (x) No ( )

    If yes, give (A) date of petition: __10-4-99__ (B) date *certiorari* was denied: __3-6-00__

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (x)  NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: __Cook County Circuit Court__

   B. Date of filing: __12-18-97__

   C. Issues raised: __Newly Discovered Evidence of Actual Innocence,__
   __Denial of Due Process & Ineffective Assistance of Counsel.__

   D. Did you receive an evidentiary hearing on your petition?   YES (x)  NO ( )

   E. What was the court's ruling?  __Dismissed__

   F. Date of court's ruling: __12-16-04__

   G. Did you appeal from the ruling on your petition?   YES (x)  NO ( )

   H. (a)  If yes, (1) what was the result?  __Affirmed__

         (2) date of decision: __12-8-06__

      (b) If no, explain briefly why not: ____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (x)  NO ( )

      (a)  If yes, (1) what was the result?  __PLA Denied__

         (2) date of decision: __5-31-07__

      (b) If no, explain briefly why not: ____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (x)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding   _____
   2. Date petition filed   _____
   3. Ruling on the petition   _____
   4. Date of ruling   _____
   5. If you appealed, what was the ruling on appeal?   _____
   6. Date of ruling on appeal   _____
   7. If there was a further appeal, what was the ruling?   _____
   8. Date of ruling on appeal   _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (x)

   A. If yes, give name of court, case title and case number: _____

   _____

   B. Did the court rule on your petition? If so, state

   (1) Ruling: _____

   (2) Date: _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (x)

   If yes, explain: _____

   _____
   _____
   _____
   _____
   _____
   _____

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one  DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL
Supporting facts (tell your story <u>briefly</u> without citing cases or law):

State Court affirming my conviction involved an unreasonable application of <u>Strickland v Washington</u>, when I raised on appeal that I was denied my 14th & 6th Amendement rights to Due Process & effective assistance of counsel when in my evidentially close trial where my identification was the central issue, I was prejudiced by my trial counsel failing to request the Court pursuant to IPI No.3.15 (See Exhibit A) to instruct the jury on the 5 factors to be considered in evaluating identification testimony; resulting in prejudice to me sufficient to undermine confidence in the outcome of my trial.

(B) Ground two  DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL
Supporting facts:

State Court affirming my conviction involved an unreasonable application of <u>Strickland v Washington</u>, when I raise on appeal that I was denied my 14th & 6th Amendment rights to Due Process & effective assistance of counsel, when before my trial my counsel instructed my alibi witnesses not to tell Law Enforcement Officials of my alibi, enabling prosecution to discredit my alibi witnesses by asserting that they never told authorities of my alibi; resulting in prejudice to me sufficient to undermine confidence in the outcome of my trial.

Revised: 7/20/05

(C) Ground three — DENIAL OF DUE PROCESS, I.E. DENIAL OF RIGHT TO REHABILITATE IMPEACHED ALIBI WITNESSES
Supporting facts:

State Court affirming my conviction involved a decision contrary to Due Process & Crane v Kentucky, & was an unreasonable determination of the facts in light of the evidence, when I raised on appeal that I was denied my 14th Amendment right to Due Process in my evidentially close trial, when after the prosecution discredited my alibi witnesses by asserting that they never told Law Enforcement of my alibi, the Court excluded my alibi witness' 'Rehabilitation Testimony' that would have explained to the jury that they did not tell authorities of my alibi because after they told my counsel of my alibi he instructed them not to tell anyone else.

(D) Ground four — DENIAL OF RIGHT TO CONFRONTATION
Supporting facts:

State Court affirming my conviction involved a decision contrary to Due Process & Davis v Alaska, & was an unreasonable determination of the facts in light of the evidence, when I raised on appeal that I was denied my 6th & 14th Amendment rights-Confrontation and Due Process in my evidentially close trial, when the Court excluded my proposed cross-examination of sole eyewitness as to whether murder victim who was found in bed kept open common door of adjoined victim & witness bedrooms, even when victim was naked in bed with a man; to discredit eyewitness testimony that door was open.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (x)  NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing ___Grand Jury___

(B) At arraignment and plea ___Marshall Weinberg___

(C) At trial ___Marshall Weinberg___

(D) At sentencing ___Frederick F. Cohn___

(E) On appeal ___Frederick F. Cohn___

(F) In any post-conviction proceeding ___Frederick F. Cohn___

(G) Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ( X )

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __6-16-08__
(Date)

Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_[signature]_
(Signature of petitioner)

(I.D. Number)

(Address)

Westlaw.

IL-IPICRIM 3.15  
Ill. Pattern Jury Instr.-Criminal 3.15

Page 1

Illinois Pattern Jury Instructions-Criminal  
Current through the 2006 Update

Illinois Supreme Court Committee On Pattern Jury Instructions In Criminal Cases

3.00. Particular Types of Evidence

### 3.15 Circumstances Of Identification

When you weigh the identification testimony of a witness, you should consider all the facts and circumstances in evidence, including, but not limited to, the following:

[1]
    The opportunity the witness had to view the offender at the time of the offense.

[2]
    The witness's degree of attention at the time of the offense.

[3]
    The witness's earlier description of the offender.

[4]
    The level of certainty shown by the witness when confronting the defendant.

[5]
    The length of time between the offense and the identification confrontation.

**Committee Note**

The Committee believes an instruction concerning particular types of evidence should not be given *unless* some special guidance from the judge would be useful. Earlier Editions of IPI-Criminal contained no separate instruction concerning circumstances of identification, although the Committee Note to Instruction 1.02 suggested that identification factors could be added to that instruction. This instruction added in the Fourth Edition represents a change of mind. The Committee now unanimously believes that eyewitness identification is a subject deserving of judicial comment. This view is in accord with jury instructions in the Seventh Circuit. See Instruction 3.06, Federal Jury Instructions of the Seventh Circuit (1980); see also United States v. Hodges, 515 F.2d 650 (7th Cir.1975).

This new instruction simply lists factors well-established by case law. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); People v. Manion, 67 Ill.2d 564, 367 N.E.2d 1313, 10 Ill.Dec.547 (1977); People v. Slim, 127 Ill.2d 302, 537 N.E.2d 317, 130 Ill.Dec. 250 (1989). The Committee believes this instruction would serve the interests of justice by offering guidance in an area that contains complexities and pitfalls not readily apparent to some jurors.

Give this instruction when identification is an issue.

Give numbered paragraphs that are supported by the evidence. The bracketed numbers are present solely for the guidance of court and counsel and should not be included in the instruction submitted to the jury.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.