

```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
            EASTERN DIVISION
```

United States Of America ex rel,  )
                                   )
DELBERT HEARD, B76789,             )
                                   )
         Petitioner,               )
                                   )
Vs.                                )   Case No. 08C 3097
                                   )
Acting Warden, JOSEPH MATHY,       )   Judge David H. Coar
                                   )   Mag. Judge, Ashman
         Respondent.               )
                                   )   State Court Case No. 94 CR 4637
                                   )

RECEIVED
JUN 23 2008
JUN 23 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AMENDED
PETITIONER'S 'CONCISE' MEMORANDUM OF LAW IN
SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

I present to the Court for consideration my 'concise' Amended Memorandum Of Law to support my Petition For Writ Of Habeas Corpus.

Concise Statement Of Facts

In January 1994 I was charged in Cook County Illinois with 3 counts of 1st degree murder on 3 victims. I made no admissions, I plead not guilty and went to trial. At my trial no physical evidence was presented and all the evidence was testimonial. The prosecution presented 1 eyewitness and I presented 3 alibi witnesses. My trial was essentially a swearing match. I was found guilty and I'm now serving a life sentence. I appealed my conviction, & it was affirmed. I petitioned the Supreme Court for Certiorari and I was denied in March 2000. I petitioned for Post-Conviction Relief, my petition was dismissed, I appealed, the dismissal was affirmed, I petitioned the Illinois Supreme Court for appeal and my PLA was denied on May 31, 2007.

1

<u>CLAIMS</u>

I. <u>DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL</u>

A. Counsel's Failure To Request Jury Instruction On The 5 Factors To Be Considered In Evaluating ID Testimony.

STATE COURT'S DECISION AFFIRMING MY CONVICTION INVOLVED AN UNREASONABLE APPLICATION OF <u>STRICKLAND V WASHINGTON</u>, WHEN I RAISED ON APPEAL THAT I WAS DENIED MY 14TH & 6TH AMENDMENT RIGHTS TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL, WHEN IN MY EVIDENTIALLY CLOSE TRIAL WHERE IDENTIFICATION WAS THE CENTRAL ISSUE, I WAS PREJUDICED BY MY TRIAL COUNSEL'S ERROR OF FAILURE TO REQUEST THE COURT PURSUANT TO IPI 3.15 TO INSTRUCT THE JURY ON THE 5 FACTORS TO BE CONSIDERED IN EVALUATING IDENTIFICATION TESTIMONY; RESULTING IN PREJUDICE TO ME SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME OF MY TRIAL. (Id at HN [61] & pgs. 602-603 in <u>People v Heard</u>, 240 Ill. Dec.577 (Ill.S.Ct.1999)).

In <u>U.S. v Hodges</u>,515 F.2d 650,653 n.[2] (7th Cir.1975) the Court held:

> ". . . we are convinced that neither summation of counsel at the close of the evidence, however prolong or explicit, nor cross-examination as to the matter of identification by defense counsel adequately <u>protects defendant against the dangers of misidentification which are inherent in eyewitness testimony</u>. Nor do we believe that such summation and cross-examination by counsel may substitute for <u>proper instruction</u> to the jury by the Court."

In <u>U.S. v Anderson</u>, 739 F.2d 1254, 1258 n.[2] (7th Cir. 1984) the Court held:

> "In cases where identification is an issue, the trial judge must, at the defendant's request, instruct the jury about eyewitness identification testimony."
> <u>Accord</u>, <u>U.S. v Larkin</u>, 978 F.2d 964, 971 (7th Cir. 1992)

My trial was evidentially close, it was essentially a swearing match between my alibi witnesses and the prosecution's eyewitness. Since my identification was the central issue, my counsel had a duty to request the Court pursuant to IPI Criminal 3rd Ed.No. 3.15, to instruct the jury on the 5 factors to be considered in evaluating ID testimony; to protect me "against the dangers of misidentification which are inherent in eyewitness testimony." See <u>Hodges</u>, supra, Id at 653 n.[2].

My counsel's failure to request the instruction on evaluating ID testimony severely threatened the fairness of my trial and creates a "<u>reasonable probability</u>" that <u>the jury convicted me without considering "constitutionally relevant evidence</u>", i.e. the 5 factors to be considered in evaluating the ID testimony against me; RESULTING IN PREJUDICE TO ME SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME OF MY TRIAL.

In my evidentially close trial, were my ID was the central issue, <u>the omission of the ID instruction so infected my entire trial that my resulting conviction violates due process</u>. See <u>Estelle v McGuire</u>, 112 S. Ct. 475, 482 n.[6-9].

The Illinois Supreme Court's contrary conclusion of this issue was the result of an unreasonable application of Strickland v Washington, and therefore I request that I be granted a writ of Habeas Corpus.

B. Counsel Discredited My Alibi Witnesses By Instructing Them Not To Tell Authorities Of My Alibi.

STATE COURT'S DECISION AFFIRMING MY CONVICTION INVOLVED AN UNREASONABLE APPLICATION OF STRICKLAND V WASHINGTON, WHEN I RAISED ON APPEAL THAT I WAS DENIED MY 14TH & 6TH AMENDMENT RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL, WHEN BEFORE MY TRIAL MY COUNSEL INSTRUCTED MY ALIBI WITNESSES NOT TO TELL LAW ENFORCEMENT OFFICIALS OF MY ALIBI, ENABLING PROSECUTION TO DISCREDIT MY ALIBI WITNESSES BY ASSERTING THAT THEY NEVER TOLD AUTHORITIES OF MY ALIBI; RESULTING IN PREJUDICE TO ME SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME OF MY TRIAL. (Id at HN [45] & 596-597, in People v Heard, 240 Ill. Dec.577, (Ill.S.Ct.1999)

Before my trial, my alibi witnesses told my counsel of my alibi and they failed to tell law enforcement officials of my alibi because my counsel instructed them not to. My counsel's actions prejudiced me by enabling the prosecution to discredit my alibi witnesses with the fact that they failed to tell authorities of my alibi.

Here but for defense counsel's improper actions with respect to instructing my alibi witnesses not to talk to authorities, there

is a reasonable probability that there would have been a diffferent outcome, because there was no other kind of impeachment presented; therefore my alibi would have been credible, and if believed I would have been acquitted.

The Illinois Supreme Court's contrary conclusion of this issue was the result of an unreasonable application of <u>Strickland v Washington</u>, and therefore I request that I be granted a Writ of Habeas Corpus.

## II. DENIAL OF DUE PROCESS, I.E. DENIAL OF RIGHT TO REHABILITATE IMPEACHED ALIBI WITNESSES

STATE COURT'S DECISION AFFIRMING MY CONVICTION INVOLVED A DECISION CONTRARY TO DUE PROCESS & <u>CRANE V KENTUCKY</u>, AND WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED, WHEN I RAISED ON APPEAL THAT I WAS DENIED MY 14TH AMENDMENT RIGHT TO DUE PROCESS WHEN IN MY EVIDENTIALLY CLOSE TRIAL, AFTER THE COURT PERMITTED PROSECUTION TO DISCREDIT MY ALIBI WITNESSES BY ASSERTING THAT THEY NEVER TOLD LAW ENFORCEMENT OFFICIALS OF MY ALIBI, THE COURT EXCLUDED MY ALIBI WITNESS' REHABILITATION TESTIMONY THAT WOULD HAVE EXPLAINED TO THE JURY THAT THEY DID NOT TELL AUTHORITIES OF MY ALIBI BECAUSE AFTER THEY TOLD MY COUNSEL OF MY ALIBI HE INSTRUCTED THEM NOT TO TELL ANYONE ELSE. (Id at HN [41] & pg.596 in <u>People v Heard</u>, 240 Ill.Dec.577, (Ill.S.Ct.1999)).

In <u>U.S. v Lindeman</u>, 85 F.3d 1232,1234 HN 20. (7th Cir.1996) the Court held:

> "Once witness' credibility has been attacked, non attacking party is permitted to admit evidence to rehabilitate witness, <u>even if that evidence might otherwise have been impermissible bolstering</u>."

In <u>U.S. ex rel. Kirk v Washington</u>, 932 F.Supp.1053, HN 15. (N.D. Ill. 1996) the Court held:

> "Under Illinois law, if party opens up inquiry concerning issue, other party may be allowed to introduce <u>contradictory or explanatory evidence, even though it would not have been admissible initially</u>."

In <u>People v Manning</u>, 230 Ill.Dec.933,943 n.[14] (Ill.S.Ct.1988) the Court held:

> "If <u>A</u> opens up an issue and <u>B</u> will be prejudiced unless <u>B</u> can introduce contradictory or <u>explanatory evidence</u>, then <u>B</u> will be permitted to introduce such evidence, <u>even though it might otherwise be improper</u>."

In <u>People v Grouleau</u>, 109 Ill.Dec.326,331 (Ill.App. 2 Dist. 1987) the Court held:

> "We find that the trial Court abused it's discretion in not allowing defendant to rehabilitate his alibi witness. Furthermore, we cannot say that this error is harmless given the importance of this witness who is the only one able to place defendant away from the scene of the homocide."

The legal principle in respect to the admissibility of rehabilitation testimony of impeached witnesses enunciated in Lindeman, supra, Ex rel. Kirk, supra, Manning, supra & Groleau, supra, all support the fact that at my trial when the prosecution attacked my alibi witnesses credibility, I had a right under due process "[to admit evidence to rehabilitate] my alibi [witness]", (See Lindeman, supra) because under Due Process "the constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." (See Crane v Kentucky, 106 S.Ct.2142,2146-47 (1986)).

In U.S. v Abel, 105 S.Ct.465,471 (1984) the Supreme Court held:

"But there is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case."

The state Court ruled that my alibi witness' proposed rehabilitation testimony was inadmissible as a prior consistent statement; however, the prosecution "opened up inquiry concerning issue" by asserting that my alibi witnesses had not told authorities of my alibi. (See Manning, supra) Therefore, my proposed rehabilitation evidence was admissible as "explanatory evidence", although it may have been inadmissible on other grounds. (See Abrams v Barnett, 100 F. 3d 485,493 n.[10] (7th Cir.1996, (Witness' explanation for 2 year silence was admissible to rebut charge of recent fabrication although it was inadmissible on other grounds.))

7

The Illinois Supreme Court's contrary conclusion of this issue was the result of a decision contrary to due process and <u>Crane v Kentucky</u>, 106 S.Ct.2142,2146-47 (1996), and therefore I request that I be granted a Writ of Habeas Corpus.

III. <u>DENIAL OF RIGHT TO CONFRONTATION & DUE PROCESS</u>

STATE COURT'S DECISION AFFIRMING MY CONVICTION INVOLVED A DECISION CONTRARY TO DUE PROCESS & <u>DAVIS V ALASKA</u>, AND WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED, WHEN I RAISED ON APPEAL THAT I WAS DENIED MY 6TH & 14TH AMENDMENT RIGHTS TO CONFRONTATION AND DUE PROCESS, WHEN IN MY EVIDENTIALLY CLOSE TRIAL, THE COURT EXCLUDED MY PROPOSED CROSS-EXAMINATION OF SOLE EYEWITNESS, I.E. CHILD OF MURDER VICTIM, AS TO WHETHER MURDER VICTIM WHO WAS KILLED IN BED, KEPT OPEN COMMON DOOR OF ADJOINING MOTHER & CHILD BEDROOM, EVEN WHEN VICTIM WAS NAKED WITH A MAN; TO DISCREDIT EYEWITNESS' TESTIMONY. (Id at HN [56] & pg.601 in <u>People v Heard</u>, 240 Ill.Dec.577 (Ill.S.Ct.1999))

In <u>Davis v Alaska</u>, 94 S.Ct.1105,1111 (1974) the Supreme Court Held:

> "Denial of right of effective cross-examination is a constitutional error of the first magnitude.."

In <u>Alford v U.S.</u>, 51 S.Ct.218,219 (1931) the Supreme Court held:

> "It is the essence of a fair trial that <u>reasonable latitude</u> be given the cross-examiner."

8

In my trial, it was at issue whether or not the door was open between the room where the prosecution's eyewitness (the child of one of the victims) was, and the room where the victims were. If it were open, then theoretically the eyewitness could have observed the assailant. If it was closed, then she could not. Whether the door was open or closed was at paramont in this factual setting.

The prosecution presented evidence in the witness' direct examination that the door was usually kept open, and that it was open on the night in question.

The record contains evidence that on the night in question the victim was found naked from the waist down in bed with her boyfriend. So on cross-examination my counsel tried to discredit the eyewitness' testimony that the door was open on the night in question, by asking her was the door kept open even if her mother was naked in bed with a man.

At this time the prosecution objected and the Court sustained, ruling that my counsel's question "assumes facts not in evidence". Contrary to the Court's ruling the record demonstrates that my counsel's questions on cross-examination was clearly supported by facts that were in evidence, and the Court's ruling was an unreasonable determination of facts in light of the evidence presented at my trial.

My counsel's proposed question on cross-examaination was proper under the constitutionally mandated legal principles enunciated in <u>Alford</u>,supra, <u>Davis</u>,supra and <u>People v Gonzalez</u>, 124 Ill.Dec.910,94 n.[1,2] (Ill.App.1st Dist.1988) (Where the

principle issue concerns the identification of the accused, defense counsel should be given wide latitude on cross-examination.)

The Illinois Supreme Court's contrary conclusion of this issue was the result of a decision contrary to due process and Davis v Alaska, 94 S.Ct.1105 (1974) and was based on an unreasonable determination of the facts in light of the evidence presented; and therefore I request that I be granted a Writ of Habeas Corpus.

## RELIEF REQUESTED

For all the foregoing reasons I request the Court to grant my Petitiion For Writ Of Habeas Corpus.

Respectfully Submitted,

*[signature]*

Delbert Heard - Petitioner

Delbert Heard, B76789
Pontiac Prison
PO Box 99
Pontiac, IL 61764